

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LAWRENCE ROEDEL,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, ATTORNEY GENERAL OF THE STATE OF MONTANA, et. al.,<br><br>Respondents. | Cause No. CV 16-66-M-DLC-JCL<br><br><br>FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE |

Petitioner Lawrence Roedel, appearing pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Roedel challenges the 2006 conviction and sentence he received in the Eleventh Judicial District, Flathead County, Montana. Mr. Roedel's petition should be dismissed as an unauthorized second or successive petition.

**A. Factual and Procedural Background**

Following a jury trial, Roedel was found guilty of the deliberate homicide of his wife. On May 11, 2006, Roedel was sentenced to 80 years for deliberate homicide with an additional 10 years for the use of a weapon in commission of the crime. *See*, Pet. (Doc. 1 at 2-3).

Roedel pursued a direct appeal, alleging ineffective assistance of counsel and challenging the sufficiency of the evidence. His conviction was affirmed. *State v. Roedel*, 2007 MT 291, 339 Mont. 489, 171 P. 3d 694. Roedel then sought

1

postconviction relief raising claims of ineffective assistance of counsel and prosecutorial and police misconduct. The trial court denied Roedel's petition and the Montana Supreme Court affirmed the denial. *Roedel v. State*, 2010 MT 109N.

The petition at hand is Roedel's third filing in this Court. He filed his first federal habeas petition in 2010. *See Roedel v. Law*, No. CV 10-71-M-DWM, Pet. (filed June 22, 2010). In that petition, Roedel raised various claims, including: the effectiveness of trial counsel (*id.* at 4), sufficiency of the evidence (*id.*), suppression of evidence (*id.*), media influence (*id.*), unlawful arrest (*id.*), denial of evidentiary hearing (*id.*), failure to investigate (*id.*), and denial of counsel (*id.*). Roedel attached a lengthy hand-written document setting forth factual support for his claims to the petition. *See Roedel v. Law*, No. CV 10-71-M-DWM, (Doc. 1-1). The State was ordered to file documents from the state court record and Roedel was allowed to supplement his original petition. (Docs. 6, 7, 8, 11). This Court ultimately identified sixteen separate claims advanced by Roedel. *See Roedel v. Law*, No. CV 10-71-M-DWM, Find. and Rec. (filed Sept. 15, 2010). Each claim was analyzed and ultimately recommended for dismissal on the merits. *Id.* The recommendation was adopted and Roedel's petition was denied, as was a certificate of appealability. *See Roedel v. Law*, No. CV 10-71-M-DWM, Or. (D. Mont. Oct. 22, 2010).[1]

---

[1] Following the filing of his federal petition, Roedel sought habeas relief in the State Court. The Montana Supreme

2

Roedel returned to this Court on May 16, 2014, with a petition for a writ of error coram nobis. *Roedel v. State*, No. CV 14-160-M-DLC-JCL, Pet. (May 16, 2014). It was determined, because Roedel's conviction and sentence were imposed by the state and not the federal court, this Court lacked jurisdiction over the petition. *Roedel v. State*, No. CV 14-160-M-DLC-JCL, Find. and Rec. at 1 (filed May 20, 2014). Roedel was also informed that his attempt to argue the merits of his claims for relief against the judgment was foreclosed, because he already had an opportunity to do so in his original federal habeas petition and that 28 U.S.C. § 2244(b) prevented him from filing a second habeas petition without authorization from the Ninth Circuit. *Id.* at 2. Roedel's petition for writ of error coram nobis was ultimately dismissed for lack of jurisdiction and a certificate of appealability was denied. *Roedel, v. State*, No. CV 14-160-M-DLC-JCL, Or. (D. Mont. June 11, 2014).

**B. Analysis**

In the instant petition, Roedel advances six grounds for relief. He argues: 1) he was not indicted by a grand jury in violation of the Fifth and Fourteenth Amendments (doc. 1-1 at 1); 2) he was denied an adequate evidentiary hearing, was denied *Brady* material, and the evidence was insufficient to sustain a conviction in violation of the Fifth, Sixth, and Fourteenth Amendments (*id.* at 2);

---

Court denied relief, finding that Roedel's petition was procedurally barred and that it was improper for him to attack the validity of his conviction via a habeas corpus petition. *Roedel v. Frink*, No. OP 12-0527, Or. (Mont. Oct. 9, 2012).

3

3) his Fifth, Sixth, and Fourteenth Amendment Rights were violated by inadequate forensic testing and ineffective assistance of trial counsel relative to the forensic evidence (*id.* at 3); 4) lack of certain forensic evidence is demonstrative of *Brady* violations, ineffective trial counsel, and the court's deliberate indifference to the insufficiency of the evidence (*id.* at 4-7); 5) trial counsel's "confessor pleading" relative to the number of shots fired violated the Fifth, Sixth, and Fourteenth Amendments (*id.* at 8); and, 6) he was denied the right to a fair and impartial jury in violation of the Sixth and Fourteenth Amendments (*id.* at 9).

Despite this Court's previous directive, Roedel has not received authorization from the Circuit to file a successive habeas petition. Moreover, the six claims that Roedel advances in the present petition all attack his 2006 criminal conviction and judgment. This Court must dismiss any claim which was presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3).

Roedel is required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or

successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Until Roedel obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court has no jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

### C. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time.

5

### D. Recommendation

1. Mr. Roedel's Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Roedel may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Roedel must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 13th day of June, 2016.

                            _/s/ Jeremiah C. Lynch_
                            Jeremiah C. Lynch
                            United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.