FILED

JUL 21 2016

Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LAWRENCE ROEDEL,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD and ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 16–66–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered findings and recommendations in this matter on June 13, 2016, recommending dismissal of Petitioner Lawrence Roedel's ("Roedel") petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Roedel filed objections to the findings and recommendations on June 22, 2016, and is therefore entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a

definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). However, [w]here a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 at *3 (D. Mont. Feb. 21, 2014) (citations omitted).

In his five-line objection, Roedel states that he objects to Judge Lynch's findings and recommendations; that Judge Lynch "grossly" misrepresented the facts of his case, and therefore abused his discretion and caused a violation of Roedel's constitutional rights; and that a certificate of appealability should be granted. (Doc. 5.) Roedel's objections do not focus on any particular error on Judge Lynch's part, but instead seek to engage the Court in a rehash of the constitutional arguments contained within his petition. They do not call into question Judge Lynch's conclusion that Roedel is barred from filing the instant successive habeas petition absent leave from the Ninth Circuit Court of Appeals.

Accordingly, IT IS ORDERED that Judge Lynch's findings and recommendations (Doc. 3) are ADOPTED IN FULL. Roedel's petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by separate document a judgment of dismissal.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 21st day of July, 2016.

Dana L. Christensen, Chief Judge
United States District Court